IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGEL MERAZ, ALICIA MERAZ, individually, and
on behalf of ANGELA MERAZ, a minor; RUBEN
GARCIA, YANETTE GARCIA, individually and on
behalf of VIRIDIANA GARCIA, a minor; LUZ MERAZ
on behalf of NATALY CERVANTES MERAZ, a minor;
ROGELIO ESCOBEDO on behalf of BRENDA MERAZ,
a minor; and MARIA MERAZ,

       Plaintiffs,

v.                                                                   Civil No. 03-424 WJ/KBM

TONG HI LEE, and 21st CENTURY INSURANCE
COMPANY OF ARIZONA, jointly and severally,

       Defendants.

**MEMORANDUM OPINION AND ORDER
REMANDING CASE TO STATE COURT**

THIS MATTER comes before the Court upon Plaintiff's Motion for Remand [Docket No. 7]. The motion asserts that Defendant's removal of this case, premised on diversity jurisdiction under 28 U.S.C. § 1332, is untimely, and in addition, the Court lacks subject matter jurisdiction because there is no showing of the required amount in controversy. Having reviewed the parties' submissions and the applicable law, I find that Plaintiff's motion is well taken, as the removal notice is untimely. In addition, I find that Plaintiff's alternative basis for dismissal has merit in that Defendants have not demonstrated that Plaintiff's claims satisfy the required jurisdictional amount.

Plaintiffs seek damages from Defendants for injuries sustained from an automobile collision. Plaintiffs also seek damages from Defendants for civil conspiracy contending that

Defendants deprived Plaintiffs of rights that allegedly flow from Mr. Lee's insurance policy.

**LEGAL STANDARD**

A notice of removal must be filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action is based, or within thirty days after the case has become removable." 28 U.S.C. § 1446(b). A defect in the removal procedure is one of two grounds for remand specified in 28 U.S.C. § 1447(c). A defect in the removal notice, an untimely removal notice, or any failure to comply with the requirements of § 1446(b) constitutes a defect in removal procedure. McShares, Inc. v. Barry, 979 F.Supp. 1338, 1341 (D.Kan. 1997).

**DISCUSSION**

I.  TIMELINESS

Diversity of the citizenship of Defendants is not disputed. The issue of timeliness centers on whether the 30 day time limit for removal starts when the first or when the last defendant is served. The express language of the removal statute offers no guidance. Thus, courts rely on other sources of law to determine this issue. See Phoenix Container, L.P. v. Sololoff, 235 F.3d 352, 354 (7th Cir. 2000) (statutes depend for their meaning on external norms). The "unanimity rule" requires that all defendants consent to removal in a multiple defendant lawsuit. Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir.1981).

Defendant Tong Hi Lee was served with the original state court complaint and summons on February 15, 2003. The original complaint did not name 21st Century Insurance as a party. Defendant Lee did not opt to remove the case to federal court. On March 3, 2003, Plaintiffs filed an amended complaint that named 21st Century Insurance as a defendant. On March 7, 2003, the

Superintendent of Insurance for the State of New Mexico accepted service on behalf of 21st Century.[1]  21st Century filed the Notice of Removal [Docket No. 1] on April 7, 2003, 51 days after Defendant Lee was served.  Thus, the question that emerges is whether, under the rule of unanimity, the failure of Defendants to remove the case to federal court within 30 days of service on Defendant Lee precludes 21st Century, who was served within the 30 days after Defendant Lee was served, from filing a removal between the expiration of 30 days after service on Defendant Lee and 30 days after service on 21st Century.

This issue is not novel to this Court.  In a Memorandum Opinion and Order filed November 1, 2002 in CIV-02-1001 WJ/LFG, I adopted the traditional rule and held that the time for removal commences when the first defendant is served.  In that Memorandum Opinion and Order I noted that this rule has been adopted by most courts and cited to Brown v. Demco, Inc. et al., 792 F.2d 478 (5th Cir. 1986); McShares, Inc. v. Barry et al., 979 F.Supp.1338, 1342, n. 2 (D.Kan. 1997) (noting majority of published decisions have found that in "multi-defendant actions, the thirty-day period for removal commences for all defendants when service is accomplished on the first-served defendant"); accord, Henderson v. Holmes, 920 F.Supp. 1184 (D.Kan.1996); Ellis v. Group America et al., LH/LFG (D.N.M. April 22, 2002) (relying on traditional rule and remanding to state court).  I then noted that there is a minority view that is apparently becoming the "current trend" in which the thirty day period for removal begins for a particular defendant on the date that defendant is served.  This minority view has been adopted by

---

[1] In its Answer [Docket No. 2], 21st Century service on the Superintendent of Insurance for the State of New Mexico was not proper because 21st Century does not transact business in the State. In the Notice of Removal [Docket No. 1], 21st Century states that, notwithstanding the allegedly defective service, 21st Century wishes this Court to adjudicate Plaintiffs' claims.

some courts such as the Sixth and Eighth Circuits. See Brierly v. Alusuissse Flexible Packaging, Inc., 184 F.3d 527 (1999); Marano Enterprises of Kansas et al. v. Z-Teca Restaurants, L.P. et al., 254 F.3d 753 (8th Cir. 2001).

Until the Tenth Circuit adopts the so called "fairness rule", I see no reason to depart from the traditional view or from my previous ruling on the issue. Under the majority rule, plaintiffs arguably could attempt to manipulate the forum by staggering service on multiple defendants. However, proponents view this possibility as simply an operation of the "first-served" rule in that it is no more unfair than if a co-defendant opposed the removal, or was domiciled in the same state as a plaintiff. Brown, 792 F.2d at 482, cited in Cohen v. Hoard et al, 696 F.Supp. 564, 566 (D.Kan. 1988); Patel et al v. Moore et al., 968 F.Supp.587, 589 (D.Kan.1997) (assumption is that if first defendant was in favor of removal, he would have removed the case). Courts which have subscribed to the first-served rule have found this view consistent with the sound policy of construing removal jurisdiction narrowly, with any doubts resolved in favor of remand. Patel, 968 F.Supp. at 589; Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (noting presumption against removal jurisdiction); see also, Brown, 792 F.2d at 482 (forum for suit "ought to be settled at some time early in the litigation"); see also Cohen, 697 F. Supp.at 566 (recognizing exception under facts at bar runs "counter to the policy of restricting removals to those expressly allowed by statute and to the trend of limiting removal jurisdiction").

Accordingly, because the removal petition is untimely, the case will be remanded to the Third Judicial District Court. Doña Ana County, State of New Mexico.

II.   AMOUNT IN CONTROVERSY

If a plaintiff is not entitled to recover at least $75,000, a federal district court lacks

4

"judicial power" to hear the case. Laughlin v. Kmart Corp., 50 F.3d 871, 874 (10th Cir. 1995). Claims of multiple plaintiffs may be aggregated to satisfy the jurisdictional amount only where the claims are common and undivided and not "separate and distinct." Zahn v. Int'l Paper Co., 414 U.S. 291 (1973); Snyder v. Harris, 394 U.S. 332 (1969).  Plaintiffs with separate and distinct claims must each satisfy the jurisdictional amount requirement for suit in the federal courts. Id. Defendants bear the burden of establishing that the amount in controversy exceeds $75,000.00. Laughlin, 50 F.3d at 873.  They have not done so in this case.

The Notice of Removal alleges that two of the nine plaintiffs' claims for damages exceed the requisite amount in controversy.  The Notice of Removal further alleges that, because Plaintiffs seek punitive damages for civil conspiracy, the damages for all of the plaintiffs may be aggregated and certainly exceed the required $75,000 amount in controversy for diversity jurisdiction.  Defendants argue that the Plaintiffs are jointly and indivisibly seeking redress against Defendants through the civil conspiracy claim and the claim is thus a common and undivided claim among the Plaintiffs as whole.

Cases in which Plaintiffs' claims have typically been aggregated are those which involve a singe indivisible res.  Snyder v. Harris, 394 U.S. 332, 335 (1961); See Aetna Ins. Co. v. Chicago, Rock Isl & Pac. RR Co., 229 F.2d 584, 586 (10th Cir. 1956) (even if complaint is based on a single instrument, claimants may not aggregate their claims unless they are seeking to "enforce a single title or right in which they have an undivided interest").  The Supreme Court noted in Snyder that Plaintiffs whose joinder is permissive in that their claims are joined for convenience and economy have separate and distinct claims and damages cannot be aggregated for purposes of the diversity jurisdictional requirement. 394 U.S.at 336 (citing Troy bank v. G. A. Whitehead &

Co., 222 U.S. 39 (1011); Pinel v. Pinel, 240 U.S. 594 (1916)).

Based on the record before me, I conclude that Plaintiffs' claims for damages are separate and distinct and may not be aggregated in order to meet the jurisdictional amount in controversy requirement.

III.   ATTORNEY FEES AND COSTS

Plaintiff's request attorneys' fees and costs associated with Defendants' improper removal. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); Wakefield v. Olcott, 983 F.Supp. 1018, 1021-22 (D.Kan. 1997).  Such an award is discretionary with the Court, and bad faith need not be shown.  Suder v. Blue Circle, Inc., 116 F. 3d 1351, 1352 (10th Cir. 1997). However, because Defendants' removal petition was based on a reasonable argument with sound legal precedent in support of it, I decline to grant Plaintiff's request.  See Cohen, 696 F. Supp. at 566 (court hesitant to punish defendant with imposition of costs where removing defendant raised "novel and reasonable" argument).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand [Docket No. 7] is hereby GRANTED IN PART AND DENIED IN PART in that (1) the above-captioned case is REMANDED to the Third Judicial District Court, County of Doña Ana, State of New Mexico; and (2) Plaintiff's request for attorney fees and costs are DENIED.

_____
UNITED STATES DISTRICT JUDGE